| | | |
|---|---|---|
| | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>CIVIL MINUTES—GENERAL | **JS-6** |

| Case No. | **EDCV 14-0082 JGB (DTBx)** | Date | January 15, 2014 |
|---|---|---|---|

Title   *LNV Corporation v. Kelly L Randle, et al.*

---

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **Minute Order REMANDING Action to California Superior Court for the County of Riverside (IN CHAMBERS)**

## I.   BACKGROUND

On June 7, 2013, Plaintiff LNV Corporation ("Plaintiff" or "LNV") filed a complaint for unlawful detainer ("Complaint") against Defendants Kelly L. Randle and Fred Mitchell ("Defendants") and fictitious defendants in the California Superior Court for the County of Riverside. LNV Corporation v. Kelly L Randle et al., 13-cv-01198 JGB (SPx) (C.D. Cal. Jun. 7, 2013), Doc. No. 1, Ex. A; (Not. of Removal, Exh. A, Doc. No. 1.)  On July 5, 2013, Defendants removed the action to this Court. Id.  Plaintiff filed a motion to remand the action back to state court on July 17, 2013. Id. (Doc. No. 4.)  On August 7, 2013, this Court remanded the case back to Superior Court for the County of Riverside. Id. (Doc. No. 5) (finding that the court lacked subject matter jurisdiction on the basis of federal question or diversity jurisdiction).

On October 7, 2013, Defendants again removed the same unlawful detainer action back to this Court. LNV Corporation v. Kelly L Randle et al., 13-cv-01822 JGB (SPx) (C.D. Cal. Oct. 7, 2013), Doc. No. 1, Ex. A.  Once again, Plaintiff moved to remand the action back to state court on October 24, 2013. Id. (Doc. No. 5.)  For the same reasons discussed in the prior remand order, the Court remanded the case back to state court. Id. (Doc. No. 10.)

On January 14, 2014, Defendants removed the same unlawful detainer action to this Court for the third time.  (Doc. No. 1.)  For similar reasons, the Court lacks jurisdiction and remands the action to state court.

---

## II. LEGAL STANDARD

Removal jurisdiction is governed by statute. See 28 U.S.C. §1441. The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## III. DISCUSSION

Defendants allege removal is proper on the basis of federal question under 28 U.S.C. § 1331. For the reasons outlined below, the Court lacks subject matter jurisdiction over this unlawful detainer action.

### A.     Federal Question

Defendants claim federal question jurisdiction on the basis of 15 U.S.C. § 1692i(a)(1), which is a provision of the Fair Debt Collection Practices Act. (Not. of Removal, Doc. No. 1.) In order for removal to be proper, Defendants must show that Plaintiff's "'well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1219 (9th Cir. 2009) (quoting Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 689–90 (2006). "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998).

From the face of the Complaint, Plaintiff's only claim is for unlawful detainer, a California state law action. See Wells Fargo Bank v. Lapeen, No. C 11–01932 LB, 2011 WL 2194117, *3 (N.D. Cal. June 6, 2011) ("an unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law") (citing Wescom Credit Union v. Dudley, No. 10-8203, 2010 WL 4916578, *2 (C.D. Cal. Nov. 22, 2010).) The Complaint does not state a claim under 15 U.S.C. § 1692i(a)(1). LNV is not "bring[ing] any legal action on a debt against a consumer." 15 U.S.C. § 1692i(a). The primary purpose of the Complaint is to obtain an order from the court directing Defendants to deliver possession of the Property to LNV. (Compl., Prayer for Relief ¶ b.) Further, Plaintiff's right to relief on the unlawful detainer claim does not depend on the resolution of a substantial question of federal law. Rather, Plaintiff is entitled to judgment upon establishing that the subject property was sold in accordance with California Civil Code § 2924 and that the requisite three-day notice to quit to Defendant was

served as required by California Code of Civil Procedure § 1161a. Evans v. Superior Court, 67 Cal. App. 3d 162, 168 (1977). Accordingly, due to the absence of a federal claim or substantial question of federal law, Defendants have not shown the Court has jurisdiction based on a federal question under 28 U.S.C. § 1331.

Defendants also argue that the amount of damages claimed by LNV exceeds $25,000 and thus exceeds the jurisdictional limit for a "limited civil case" under Cal. Civ. P. § 86(a)(4). Even if true, these facts have no bearing on federal jurisdiction.

## IV. CONCLUSION

"If it clearly appears on the face of the [Notice of Removal] and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4). Pursuant to 28 U.S.C. § 1446(c)(4), the Court has examined the Notice of Removal and concludes that Defendants have not met their burden of establishing that this case is properly in federal court. See In re Ford Motor Co./Citibank (South Dakota), N.A., 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

The Court cautions Defendants that if they remove the identical unlawful detainer action to this Court again without alleging a proper basis for jurisdiction, Defendants may be subject to sanctions. See, e.g., Quantum Servicing Corp. v. Castaneda, No. C-11-2890 EMC, 2011 WL 3809926, at *3 (N.D. Cal. Aug. 29, 2011) (cautioning pro se defendant who removed an unlawful detainer action that "should she or the other defendants in the case attempt a removal a second time, they risk being sanctioned."); SD Coastline v. Reyes, No. 10cv1824 LAB (AJB), 2010 WL 4009557, at *1 (S.D. Cal. Oct. 12, 2010) (cautioning pro se defendant who removed an unlawful detainer action two times that "[a]ny further removals in violation of [the order remanding the action] are punishable by sanctions."). These sanctions may include a declaration that Defendants are vexatious and therefore may no longer file actions in this Court without written authorization from a judge or Magistrate Judge. L.R. 83-8.

For the foregoing reasons, the Court REMANDS this action to the Superior Court of California, Riverside County.

**IT IS SO ORDERED.**